NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2649
_____

UNITED STATES OF AMERICA

v.

RUSSELL JOHNSON,
Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-16-cr-00181-005)
District Judge: Hon. Nora B. Fischer
_____

Submitted Under Third Circuit LAR 34.1(a)
April 26, 2022

Before: HARDIMAN, NYGAARD, and FISHER, *Circuit Judges*.

(Filed: May 4, 2022)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Russell Johnson, appearing pro se, appeals the District Court's orders denying his motions for compassionate release and reconsideration. We will affirm.

I

In 2019, Johnson pleaded guilty to conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(b)(1)(A)(i), 846 and was sentenced to 110 months' imprisonment. He committed that crime while on supervised release for a 2008 heroin trafficking conviction.

On April 6, 2021, Johnson filed a motion for reduction of his sentence to time served under 18 U.S.C. § 3582(c)(1)(A)(i). Johnson based his motion on "non-medical reasons," specifically his race and age, and on prison conditions created by the COVID-19 pandemic. Supp. App. 63. The District Court determined that Johnson exhausted his administrative remedies and denied his motion on the merits. Johnson moved for reconsideration, which the District Court also denied. This appeal followed.

II[1]

Although we perceive no abuse of discretion with the District Court's refusal to reduce Johnson's sentence, we will affirm for a different reason: Johnson failed to exhaust his administrative remedies. *See United States v. Williams*, 987 F.3d 700, 702–04 (7th Cir. 2021) (affirming denial of compassionate release motion based on failure to

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. We consider the failure to exhaust de novo. *See Hardy v. Shaikh*, 959 F.3d 578, 584 (3d Cir. 2020).

2

exhaust despite district court ruling on merits); *see also TD Bank N.A. v. Hill*, 928 F.3d 259, 276 n.9 (3d Cir. 2019) ("[W]e may affirm on any ground supported by the record as long as the appellee did not waive—as opposed to forfeit the issue.").

A term of imprisonment may be modified for "extraordinary and compelling reasons," but only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A).

Johnson's motion made no reference to any requests he submitted to the Warden seeking a reduction in sentence. The Government's response to his motion pointed out Johnson's failure to exhaust and stated that FCI Hazleton "has no record of receiving any request for compassionate release from the Defendant," Supp. App. 18. Johnson replied that he "submitted a standard form requesting compassionate release" and "two emails informing the Warden that he had heard nothing from his request," Supp. App. 41, citing to an attached May 24, 2021 email to the Warden to show exhaustion. That email states: "[t]his is my third time emailing you. Requesting compassionate release can you respond please? [T]hank [] you." Supp. App. 50. Johnson's reply then adds he "[t]hereafter … waited the requisite 30-days and filed his motion." Supp. App. 41.

Rejecting the Government's argument, the District Court held that Johnson exhausted his administrative remedies. In its August 4, 2021 memorandum order, the Court explained that "the May 24, 2021 email serves as a request for compassionate release and more than 30 days has passed since said request." Supp. App. 66. We

3

disagree. Even if a statement bereft of reasons such as "I request compassionate release" could satisfy the exhaustion requirements of § 3582(c)(1)(A), Johnson's May 24, 2021 email is insufficient because he sent it to the Warden several weeks *after* he filed his motion with the District Court on April 6, 2021. Although we liberally construe Johnson's pro se pleadings, *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011), the exhaustion requirement in § 3582(c)(1)(A) is stringent, and Johnson has not met it. His failure to exhaust administrative remedies "presents a glaring roadblock foreclosing compassionate release." *United States v. Raia*, 954 F.3d 494, 597 (3d Cir. 2020).

Johnson contends we may not consider the Government's exhaustion argument on appeal because the Government failed to cross-appeal. This is incorrect. Since Johnson's motion was denied, no cross-appeal was required. *See Smith v. Johnson and Johnson*, 593 F.3d 280, 283 n.2 (3d Cir. 2010) ("[A] party, without taking a cross-appeal, may urge in support of an order from which an appeal has been taken any matter appearing in the record."). Besides, we may affirm on any basis evident in the record, including Johnson's failure to exhaust. *TD Bank N.A.*, 928 F.3d at 276 n.9.

\* \* \*

Johnson failed to satisfy the exhaustion requirement. For that reason, we will affirm the District Court's orders denying his motions for compassionate release and reconsideration.